# IN THE COURT OF APPEALS OF IOWA

No. 22-1672
Filed November 8, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**COREY ROBERT FENTON,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Samantha Gronewald, Judge.

Defendant appeals his sentences for convictions of possession of a controlled substance, second offense; operating while intoxicated, second offense; and three counts of driving while barred. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., Ahlers, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**CARR, Senior Judge.**

Corey Fenton appeals his sentences for convictions of possession of a controlled substance, second offense; operating while intoxicated, second offense; and three counts of driving while barred. Fenton claims the State breached his plea agreements by failing to advocate for the agreed-upon sentencing recommendations. We find the State honored the terms of the plea agreement and endorsed the sentencing recommendation that was part of the plea agreement. We affirm Fenton's convictions and sentences.

## I. Background Facts & Proceedings

In AGCR353222, Fenton was charged with driving while barred. In OWOM090871, he was charged with operating while intoxicated (OWI), second offense. In FECR35350, Fenton was charged with possession of a controlled substance (marijuana), second offense, and driving while barred. In AGCR354230, he was charged with driving while barred. At the same time, Fenton was facing probation revocation proceedings and felony charges for solicitation.

On April 22, 2022, Fenton signed written plea agreements to the charges of possession of a controlled substance, OWI, and three counts of driving while barred. Under the agreement, the parties were to recommend a sentence of two years for each of the five counts, to be served consecutively for a total of ten years.[1] They were also to recommend that this ten-year sentence be served

---

[1] The agreement in AGCR353222 was "Consecutive w/ AGCR354230, OWOM090871, & FECR353530, 5 aggs x 2 yrs. each totaling 10 years, argue disposition, concurrent w/ROV." The agreement in OWOM090871 was "All counts run consecutive (w/ACGR353222, FECR353530, AGCR354230 – 5 x 2 yrs) for total 10 yrs. concurrent w/ROV, argue disposition." The agreement in AGCR354230 was "Consecutive to AGCR353222, FECR35350, OWOM090871

concurrently with the sentence arising from revocation of probation. They were free to argue the disposition. The agreements also provided, "[t]he Court is not bound by the plea agreement and may impose the maximum sentence as allowed by law."[2] The plea agreement did not include the solicitation charge of which he was convicted at trial.

A sentencing hearing was held for these offenses and also the solicitation conviction and probation revocation matters. The prosecutor stated:

> Your Honor, it is the State's recommendation that the defendant be adjudged guilty of each of these offenses, so—and be ordered to serve . . . indeterminate sentences not to exceed two years on each of the remaining five counts to which the defendant has pled guilty, including three driving while barreds; possession of controlled substance, second offense; and operating a motor vehicle while intoxicated, second offense.
>
> . . . .
>
> Furthermore, that the counts—or the 15 years[3] in these new sentences run concurrent with the cases for which the defendant has previously been placed on probation.
>
> . . . .
>
> So the State is recommending that this 15-year term of incarceration run concurrent with his five-year term of incarceration for the probation violations.
>
> . . . .
>
> The Court can see these are all separate and serious offenses. While driving while barred in and of itself is not always seen as the most serious offense out there, it often can lead to eluding. It—very rarely do people who do not have a driver's license have insurance. So driving while barred, while in and of itself is not seen as the most serious, when we have the number of charges that

---

and concurrent to current probation for a total of 10 years—argue disposition." The agreement in FECR353530 was "5 aggs. x 2 yrs. run consecutive (counts in OWOM090871, AGCR353222, AGCR354230, Ct. 1 in FECR353530), total 10 yrs., argue disposition."

[2] The plea agreement in OWOM090871 had slightly different language: "The Court is not bound by the plea agreement and may give me the maximum sentence allowed by law, including any enhanced sentence."

[3] The reference to fifteen years in the prosecutor's recommendation is the total of ten years (five counts times two years each) plus the five-year sentence for solicitation.

this defendant continues to pick up and then, on top of that, one of those being an operating while intoxicated and also having drugs on his person—or in his possession. . . .

We do believe that the 15-year term, with the separate and serious nature of all of these offenses, will provide him the maximum opportunity for rehabilitation. I'm glad to see he has already started down that rehabilitation road, with completing the substance abuse classes within the Polk County Jail, but with the long history that he has and the number of charges and how it appears his life spiraled very quickly, that term of incarceration is appropriate, Your Honor. And so we would ask that the Court run these charges consecutive to each other but concurrent with the terms of probation.

Defense counsel argued that Fenton should be placed on probation. The district court sentenced Fenton to a term of imprisonment not to exceed two years on each of the five charges, to be served consecutively. Fenton was also sentenced to five years on the solicitation charge and five years in the probation revocation matter, giving him a total sentence of twenty years in prison.[4] The court stated, "These sentences are consecutive, based upon the separate and serious nature of the offenses and because the new charges were, in fact, committed while you were on probation." The court denied Fenton's request to be placed on probation. Fenton now appeals the sentencing court's decision.

## II.    Standard of Review

A sentence that falls within the statutory limits is reviewed "with a strong presumption in its favor." *State v. Formaro*, 638 N.W. 2d 720, 724 (Iowa 2002). "To warrant reversal of a sentence, the record must show some 'abuse of discretion or some defect in the sentencing procedure.'" *State v. Patten*, 981

---

[4] This appeal does not involve the sentences imposed on the solicitation charge or the probation revocation matter. The only issue here is whether the sentences in this case should be served concurrently or consecutively to the sentences in those matters.

N.W.2d 126, 130 (Iowa 2022) (citation omitted).  An abuse of discretion is shown when the court relies on a reason that is "clearly untenable or unreasonable."  *State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2018).

### III.    Sentencing

Fenton claims the State breached the plea agreement by failing to endorse the agreed-upon sentencing recommendation.[5]  He asserts that the prosecutor gave only a perfunctory endorsement of the sentencing recommendation.  He contends the prosecutor did not do enough to follow the agreement's provision that the parties would recommend the ten years in prison for the five offenses should be served concurrently with the sentence for revocation of probation, and this resulted in the court ordering the sentences should be served consecutively.

"The relevant inquiry in determining whether the prosecutor breached the plea agreement is whether the prosecutor acted contrary to the common purpose of the plea agreement and the justified expectations of the defendant and thereby effectively deprived the defendant of the benefit of the bargain."  *State v. Davis*, 971 N.W.2d 546, 556 (Iowa 2022).  The supreme court has stated:

> A fundamental component of plea bargaining is the prosecutor's obligation to comply with a promise to make a sentencing recommendation by doing more than simply informing the court of the promise the State has made to the defendant with respect to sentencing.  The prosecutor must actually fulfill the promise.  Violations of either the terms or the spirit of the agreement require reversal of the conviction or vacation of the sentence.

---

[5] Following a guilty plea, a defendant must have good cause to appeal.  *See* Iowa Code § 814.6(1)(a)(3) (2021).  Fenton is challenging his sentence, rather than the guilty plea, so he has established good cause to appeal.  *See Patten*, 981 N.W.2d at 130.

*Id.* (cleaned up). It is not sufficient if the prosecutor gives only a "perfunctory endorsement" of the agreed-upon sentencing recommendations. *Id.* at 557.

A determination of whether the State breached a plea agreement is "a highly context-specific analysis." *Patten*, 981 N.W.2d at 133. "Although we agree it is often helpful (and sometimes even necessary) to explain a recommendation, doing so does not inherently advance a recommendation, . . . just as it does not inherently undercut one." *Id.* (citation omitted).

We find the State fulfilled its responsibilities under the plea agreement to recommend that the five two-year consecutive sentences run concurrently with the sentence on the probation revocation matter. The prosecutor stated three times that the sentences in the five cases at issue here should run concurrently with the sentence arising from the revocation of probation. The prosecutor did more than a "perfunctory endorsement" of the sentencing recommendation. *See Davis*, 971 N.W.2d at 557. The prosecutor did recite parts of the defendant's record of convictions and argued for incarceration but, in context, her comments countered the defendant's request for probation and did not undercut her adherence to the plea agreement. *See Patten*, 981 N.W.2d at 133.

Fenton has not established that the State breached the plea agreement. We affirm his convictions and sentences.

**AFFIRMED.**